IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX 19-0077-05 |
| | * | |
| ELAD BIGELMAN, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ******* | | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF RESTITUTION

The United States of America, by and through its attorneys, respectfully submits this memorandum in support of its request that Defendant Elad Bigelman be required to pay restitution in the amount of $3,766,449, jointly and severally with co-conspirator, Lee Elbaz (8:18CR00157-TDC).

I.  **Legal Standard**

The Mandatory Victims Restitution Act ("MVRA") prescribes that the Court must determine the amount of restitution "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The Supreme Court has found that the MVRA "seeks primarily to ensure that victims of a crime receive full restitution." *United States v. Dolan*, 560 U.S. 605, 612 (2010).

To award restitution, the Government must prove the loss sustained by a victim by a preponderance of the evidence. 18 U.S.C. § 3664(e). Full restitution to victims is required by the MVRA. 18 U.S.C. §§ 3663A(a)(1) & (c)(1)(B); *see also, e.g.*, *United States v. Roper*, 462 F.3d 336, 337–38 (4th Cir. 2006) ("This language clearly states that a restitution order imposed under the MVRA is mandatory."). A victim is defined as a person or entity:

1

> directly or proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2).

## II. Calculation of Restitution

As part of his plea agreement, the Government and Bigelman agreed that the applicable loss figure, reflecting the actual loss attributable to him from his role in the scheme, is $3,766,449. *See* ECF No. 185. In general, co-conspirators may be held jointly and severally liable for restitution as a result of their participation in the scheme, *see, e.g.*, *United States v. Berkowitz*, 732 F.3d 850, 853 (7th Cir. 2013); *United States v. Gomes*, 605 F. App'x 147, 149 (4th Cir. 2015). Here, however, the Government's position is that Bigelman — who reported to the orchestrators of the scheme, including former Yukom CEO Lee Elbaz, and who pleaded guilty — it is appropriate for the Court to order restitution in the amount of losses directly caused by the defendant, specifically losses related to his own work as a retention agent and as a brand manager at BigOption.

The loss amount attributable to Bigelman was calculated from monthly sales reports circulated by email within the company. The reports list, among other information, total deposits, total withdrawals, and net deposits for sale representatives under their aliases. Bigelman appears as a retention agent or manager — under his aliases "John Goldman" and "Michael Goldberg" — on monthly sales reports between December 2014 and July 2016.[1]

---

[1] Because the loss amount is not in dispute, the Government has not provided the underlying reports, which contain a large volume of information that is extraneous to Bigelman, but will provide the documents should the Court so request.

This is consistent with the approach that the Court approved with respect to other co-conspirators who pleaded guilty for their roles in the scheme, as listed below:

- Lissa Mel a/k/a Monica Sanders (18-cr-571) - $288,024

- Shira Uzan a/k/a Emily Laski (18-cr-608) - $1,819,595

- Yair Hadar a/k/a Steven Gold (19-cr-108) - $1,200,000

- Leoria Welles a/k/a Lindsay Taylor, Lindsay Wells, Lindsay Cole (18-cr-613) - $2,395,310

- Austin Smith a/k/a John Ried (19-cr-87) - $486,199

- Anog Maarek a/k/a Daniel Buckley (PX 19-cr-77-9) - $1,591,077

- Yousef Bishara a/k/a Omar Alamin, Omar Abdullah (PX 19-cr-77-14) - $1,130,488

- Nir Erex a/k/a Jake Cohen (PX 19-cr-77-15) - $528,628

### III. Restitution Schedule

On August 7, 2020, the Court in *United States v. Elbaz*, 18-cr-157, ordered Elbaz to pay restitution in the amount of $28 million and directed the government to file a restitution schedule listing the victims to whom restitution is due. *See Elbaz*, ECF No. 394. The government accordingly prepared a schedule listing victim names, country, and the amount owed to each victim based on net deposits. To calculate the amount owed to each victim, the government took the $28 million restitution ordered by the *Elbaz* Court and allocated it on a pro-rata basis to each victim. *See id.* Because the schedule contains victim identifying information, the government filed it under seal on August 14, 2020. *See Elbaz*, ECF No. 397. The government will file the restitution schedule separately and under seal on the docket in this matter.

## IV. Conclusion

For the reasons set forth above and others as may be presented at sentencing, the Government respectfully requests that the Court order that Bigelman is liable for restitution up to the actual losses attributable to him, *i.e.*, $3,766,449, jointly and severally with co-conspirator, Lee Elbaz (8:18CR00157-TDC).

Dated: February 25, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Joseph S. Beemsterboer
　　　　　　　　　　　　　　　　　　　　Acting Chief, Fraud Section
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice

　　　　　　　　　　　　　　By:　　/s/ Kate T. McCarthy
　　　　　　　　　　　　　　　　　　　　Kate T. McCarthy
　　　　　　　　　　　　　　　　　　　　Trial Attorney, Fraud Section
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice